## Duquesne Brewing Company *v.* Thomas, Appellant.

*Judgment—Opening judgment—Burden of proof—Bond—Warrant of attorney.*

Where a bond containing a warrant of attorney to confess judgment expressly stipulates that the affidavit of an officer or authorized agent of the corporation to whom the bond is given, alleging a breach and stating the amount of the damage " shall be sufficient evidence of such damage and execution may be issued forthwith on said judgment," such affidavit when filed makes out for the plaintiff a prima facie case, and before the defendant will be entitled to have the judgment entered on the bond opened, it will be incumbent on him to raise a substantial doubt of the correctness of the amount charged against him.

Argued Oct. 15, 1903. Appeal, No. 62, Oct. T., 1903, by N. M. Thomas et al., from order of C. P. Somerset Co., Sept. T., 1902, No. 293, discharging rule to open judgment in case of Duquesne Brewing Company v. N. M. Thomas et al. Before MITCHELL, C. J., DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Rule to open judgment.
The opinion of the Supreme Court states the case.

*Error assigned* was the order discharging rule.

*W. H. Ruppel*, with him *A. H. Coffroth, Joseph Levy* and *John R. Scott*, for appellant.

*J. A. Berkey*, for appellee, was not heard.

---

PER CURIAM, November 9, 1903 :

The condition of the bond expressly stipulates that the affidavit of an officer or authorized agent of the brewing company alleging a breach and stating the amount of the damage "shall be sufficient evidence of such damage and execution may be issued forthwith on said judgment." Having filed such affidavit the plaintiff had made out a prima facie case, and before being entitled to equitable relief by the opening of the judgment it was incumbent on the defendants to present sufficient evidence to raise a substantial doubt of the correctness of the amount charged against them. This they entirely failed to do. As said by the learned judge below, the only item disputed was the final shipment, and on that the defendants might have been entitled to go to a jury, but as the preceding items, practically admitted, were sufficient to authorize judgment for the full amount of the bond, this last item became immaterial.

Judgment affirmed.